# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| DIMERA SMITH | PLAINTIFF |
| v. | No. 1:11CV113-B-A |
| W.C.C.R.C.F., ET AL. | DEFENDANTS |

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dimera Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Smith alleges that on January 13, 2011, he was improperly found guilty of a prison rule violation (possession of a cellular telephone) upon hearsay evidence only. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### No Right to Confrontation of Witnesses in a Prison Disciplinary Proceeding

The plaintiff's sole claim is that he was found guilty of a prison rule violation based upon hearsay evidence alone. This allegation, standing alone, does not state a due process claim, as "adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974) (holding that cross-examination is not required in a proceeding to determine whether an inmate lost good time credits). As the plaintiff did not have the right to confront the witnesses against him – and has not alleged that his punishment rose to the level necessary to trigger due process protections as set forth in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), his claim

fails on its face. As such, the instant case is **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of June, 2011.

/s/ Neal B. Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE